Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Frieda K. Zimmerman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 0 7 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND KENNETH MUSGROVE,<br><br>Defendant. | 2:24-CR-00016-SAB<br><br>INDICTMENT<br><br>Vios: 42 U.S.C. §408(a)(7)(B)<br>False Representation of Social Security Number<br>(Counts 1-2)<br><br>18 U.S.C. § 1343<br>Wire Fraud<br>(Counts 3-7)<br><br>18 U.S.C. § 641<br>Theft of Government Funds<br>(Count 8)<br><br>18 U.S.C. § 1028A(a)(1)<br>Aggravated Identity Theft<br>(Counts 9-11)<br><br>18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1028(b)<br>28 U.S.C. § 2461(c)<br>Forfeiture Allegations |

The Grand Jury charges:

INDICTMENT – 1

## Summary of Allegations

1. For over two decades, Defendant RAYMOND KENNETH MUSGROVE falsely and fraudulently collected compensation benefits and received medical treatment from the United States Department of Veterans Affairs ("VA") using the identity of J.M.C., a real person and military veteran. Defendant RAYMOND KENNETH MUSGROVE lived as J.M.C. for years, using J.M.C.'s name, social security number, and date of birth to acquire government identification documents and open bank accounts in the name of J.M.C.

2. Defendant RAYMOND KENNETH MUSGROVE defrauded the United States by using the name, date of birth, and social security number of J.M.C. to collect benefits, fraudulently concealing his true identity.

3. As a result of this fraud, Defendant RAYMOND KENNETH MUSGROVE collected more than $825,424.05 in federal benefits to which he was not entitled.

## General Allegations

4. At all times relevant to this Indictment, Defendant RAYMOND KENNETH MUSGROVE was a resident of the Eastern District of Washington.

5. The United States Department of Veterans Affairs ("VA") is a government agency that provides patient care and federal benefits to veterans and their dependents. The VA is comprised primarily of three administrations, each performing a range of functions: Veterans Health Administration ("VHA"), which provides comprehensive health care and related benefits and services for veterans; Veterans Benefits Administration ("VBA"), which is responsible for administering the VA's programs that provide financial and other forms of assistance to Veterans such as compensation, pension, survivors' benefits, rehabilitation and employment assistance, education assistance, home loan guaranties, and life insurance coverage;

INDICTMENT – 2

and National Cemetery Administration ("NCA") which operates 131 national cemeteries in the United States and Puerto Rico, together with oversight and management of 33 soldiers' lots, confederate cemeteries, and monument sites.

6.   The VHA operates the nation's largest integrated health care system with more than 1,400 sites of care, including hospitals, community clinics, community living centers, domiciliary, readjustment counseling centers and various other facilities. Basic eligibility for health care benefits is any person who served in the active military, naval, or air service and who was discharged or released under conditions other than dishonorable may qualify. Reservists and National Guard members may also qualify for VA health care benefits if they were called to active duty (other than for training only) by a Federal order and completed the full period for which they were called or ordered to active duty.

7.   One of the programs administered by the VBA is Veteran Affairs Compensation Payments ("VACP"). These are tax-free monetary benefits paid to veterans who are disabled by an injury or illness that was incurred or aggravated during active military service. To receive VACP, the disability at issue must be service connected. Disability compensation benefits are paid monthly and can vary with the degree of disability or the number of a veteran's dependents. Most veterans receive their disability benefit payments by direct deposit to a bank account.

8.   In the United States, a social security number is a nine-digit, unique identification number issued to U.S. citizens, permanent residents, and temporary (working) residents under section 205(c)(2) of the Social Security Act, codified as 42 U.S.C. Section 405(c)(2). The number is issued to an individual through the "enumeration" process by the Social Security Administration ("SSA") in order to track an individual's lifetime earnings, number of years worked, and process

INDICTMENT – 3

administrative matters, such as applications for retirement, survivors, and disability insurance benefit programs.

9. Individuals are commonly asked to provide their social security number ("SSN") to obtain credit, open bank accounts, file tax returns, obtain government benefits for official, commercial, and private purposes.

10. An example of when an individual's SSN needs to be provided is when one applies for social security benefits. The Social Security Administration is an independent agency of the United States within the United States government which administers programs under the Social Security Act, 42, U.S.C. § 301. These programs include the Social Security Old-Age, Survivors, and Disability Insurance and related programs under Title II of the Act ("Title II Program").

11. The Title II Program includes the Retirement Insurance Benefits Program, which paid monthly cash benefits to individuals who had worked and paid taxes into Social Security. To be eligible for monthly cash benefits, individuals must have reached the age of 62 and paid a portion of their prior wages into the program. Benefits were determined based on average salary and number of years of employment. The Title II Program also includes the Disability Insurance Benefits Program. Like the Retirement Insurance Benefits Program, the Disability Insurance Benefits Program provides for payment of disability benefits to medically "disabled" individuals who are "insured" under the Act by virtue of their contributions to the Social Security trust fund through the Social Security tax on their earnings, as well as to certain disabled dependents of insured individuals.

The Fraudulent Scheme

12. Beginning on a date unknown but no later than December of 1997 and continuing to a date unknown but at least September 1, 2023, in the Eastern District of Washington, Defendant RAYMOND KENNETH MUSGROVE devised and

INDICTMENT – 4

intended to devise a scheme to defraud the United States, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

13. Specifically, Defendant RAYMOND KENNETH MUSGROVE posed as J.M.C., a real person and military veteran, for several decades, collecting VACP and receiving healthcare at the VA in the name of J.M.C. During and as part of the execution of the fraudulent scheme, Defendant RAYMOND KENNETH MUSGROVE knowingly and willfully stole and converted to his own use, money belonging to the United States and the VA, by means of materially false and fraudulent pretenses, representations, and promises.

14. During and as part of the execution of the fraudulent scheme, Defendant RAYMOND KENNETH MUSGROVE also knowingly and without lawful authority, possessed and used one or more means of identification for J.M.C.

### Manner and Means

It was part of this scheme that, in the Eastern District of Washington:

15. As early as 1997, Defendant RAYMOND KENNETH MUSGROVE began seeking healthcare from the VA in Washington state while purporting to be J.M.C. In December of 1997, the VA received a request to update J.M.C.'s address to an address in Moses Lake, Washington.

16. In January of 1998, the VA received a request for the military personnel records for J.M.C. The military personnel records were sent to the address on record in Moses Lake, Washington. This address is associated with Defendant RAYMOND KENNETH MUSGROVE.

17. In February of 1998, Defendant RAYMOND KENNETH MUSGROVE attended a Compensation and Pension Examination for benefits, purporting to be J.M.C. During that examination, Defendant RAYMOND

INDICTMENT – 5

KENNETH MUSGROVE cited several combat incidents in Vietnam as the source of his PTSD. Notably, while Defendant RAYMOND KENNETH MUSGROVE served in the United States Navy for several years, there is no indication that he served in Vietnam. In contrast, J.M.C. served two years in the United States Army and two years in the United States Marine Corps. J.M.C. served overseas with a Vietnam Campaign Medal and was awarded a Navy Achievement Medal with Combat "V" in recognition of his service in Vietnam.

18. Based on the materially false and fraudulent information provided by Defendant RAYMOND KENNETH MUSGROVE, the VBA approved payment of VACP benefits in April of 1998, and Defendant RAYMOND KENNETH MUSGROVE began receiving VBA benefits in the name of J.M.C.

19. In January of 2009, Defendant RAYMOND KENNETH MUSGROVE opened a bank account with Washington Mutual, a division of JP Morgan Chase Bank ("JPMC"). This JPMC account, ending in 7694, was opened in the name of J.M.C. and used J.M.C.'s SSN and date of birth.

20. In July of 2016, Defendant RAYMOND KENNETH MUSGROVE opened an additional JPMC account. This JPMC account, ending in 9272, was opened in the name of J.M.C. and used J.M.C.'s SSN and date of birth.

21. Records for the relevant time period indicate that the mailing address for the JPMC Account ending in 7694 and the JPMC Account ending in 9272 was in Ephrata, Washington, in the Eastern District of Washington.

22. Between August of 2016 and September 1, 2023, all of the VACP payments fraudulently obtained and received by Defendant RAYMOND KENNETH MUSGROVE in the name of J.M.C. were deposited into the JPMC account ending in 9272.

INDICTMENT – 6

23. On or about February 18, 2018, the real J.M.C. passed away in Oklahoma. At the time of his death, J.M.C. was receiving Title II retirement benefits. After Oklahoma provided proof of his death to SSA, SSA terminated J.M.C.'s Title II retirement benefits in March of 2018.

24. The VBA also received notice of J.M.C.'s death and in February of 2018 terminated the VACP benefits being paid to the individual purporting to be J.M.C, Defendant RAYMOND KENNETH MUSGROVE.

25. In March of 2018, Defendant RAYMOND KENNETH MUSGROVE contacted the VBA purporting to be J.M.C., alleging that J.M.C. was not deceased, and requesting VACP benefits be reinstated. The VBA concluded it was possible the veteran was still alive and the victim of fraud and resumed paying VACP benefits in the name of J.M.C.

26. In May 2021, the VACP benefits being paid in the name of J.M.C. were again terminated, this time due to the request of a VA OIG employee based on a headstone indicating J.M.C. had been buried at the Ft. Sill National Cemetery in Oklahoma.

27. After that termination of benefits in May of 2021, the VBA received several calls from a person alleging to be J.M.C. requesting that the VBA resume benefits due to an erroneous report of death, and asking for benefits to be reinstated expeditiously due to financial hardship.

28. Defendant RAYMOND KENNETH MUSGROVE then sent the VBA a handwritten statement dated June 4, 2021, in which he claimed to be J.M.C. and asserted that J.M.C. was not dead, but rather that his identity had been stolen. Defendant RAYMOND KENNETH MUSGROVE used J.M.C.'s name, date of birth, and SSN to request that the VACP benefits resume. Based on Defendant's false and fraudulent statements, as well as other proffered statements from other

INDICTMENT – 7

individuals representing that J.M.C. was alive and well and living in Ephrata, Washington, the VBA once again resumed VACP benefits.

29. Between March of 2019 and September of 2023, Defendant RAYMOND KENNETH MUSGROVE caused the following VACP benefit payments to be electronically transmitted by means of interstate wire communication into Defendant RAYMOND KENNETH MUSGROVE'S JPMC Account in J.M.C.'s name ending in 9272:

    a. On or about March 1, 2019, a deposit in the amount of $3,057.13.

    b. On or about February 28, 2020, a deposit in the amount of $3,106.04.

    c. On or about March 1, 2021, a deposit in the amount of $3,146.42.

    d. On or about March 1, 2022, a deposit in the amount of $3,332.06.

    e. On or about March 1, 2023, a deposit in the amount of $3,621.95.

30. On or about January 12, 2023, Defendant RAYMOND KENNETH MUSGROVE appeared in the Social Security Administration's Wenatchee Field Office purporting to be J.M.C. with Social Security Number (SSN) XXX-XX-9538, J.M.C.'s SSN. Defendant RAYMOND KENNETH MUSGROVE presented a Washington state Driver's License with his photo but J.M.C.'s name and date of birth.

31. During that Wenatchee Field Office visit, SSA personnel asked Defendant RAYMOND KENNETH MUSGROVE, who was purporting to be J.M.C., to provide work history and school records to prove his identity. Defendant RAYMOND KENNETH MUSGROVE, purporting to be J.M.C., claimed that he had a head injury and could not provide any places of employment or schools attended.

INDICTMENT – 8

32. Defendant RAYMOND KENNETH MUSGROVE requested that the date of death be removed from J.M.C.'s SSA record, and alleged that someone had stolen J.M.C.'s identity and died while using that identity. In support of his request, Defendant RAYMOND KENNETH MUSGROVE completed and submitted an SSA-795 Form, using the name and SSN of J.M.C.

## COUNT 1

33. The allegations in paragraphs 1 through 32 in the Indictment are incorporated as though realleged herein.

34. On or about June 4, 2021, in the Eastern District of Washington, Defendant RAYMOND KENNETH MUSGROVE, for the purpose of obtaining something of value, that is, VACP benefits, and with the intent to deceive, did falsely represent a social security number, summarized here as XXX-XX-9538, to be the social security account number assigned to him by the Commissioner of Social Security in a handwritten statement requesting reinstatement of VACP benefits that was submitted to the Veteran's Administration, when in fact, such number was not the social security account number assigned to him by the Commissioner of Social Security, all in violation of 42 U.S.C. § 408(a)(7)(B).

## COUNT 2

35. The allegations in paragraphs 1 through 34 in the Indictment are incorporated as though realleged herein.

36. On or about January 12, 2023, in the Eastern District of Washington, Defendant RAYMOND KENNETH MUSGROVE, for the purpose of removing J.M.C.'s death from J.M.C.'s SSA records, and with the intent to deceive, did falsely represent a social security number, summarized here as XXX-XX-9538, to be the social security account number assigned to him by the Commissioner of Social Security on a Statement of Claimant or Other Person submitted to the Social Security

Administration, when in fact, such number was not the social security account number assigned to him by the Commissioner of Social Security, all in violation of 42 U.S.C. § 408(a)(7)(B).

## COUNTS 3-7

37. The allegations alleged in paragraphs 1 through 36 of this Indictment are incorporated as though realleged herein.

38. On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, the Defendant RAYMOND KENNETH MUSGROVE, for the purposes of executing the scheme and artifice described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
| --- | --- | --- |
| 3 | March 1, 2019 | Electronic Funds Transfer payment from Federal Reserve Bank ACH processing site in East Rutherford, New Jersey to JPMC Account ending in 9272 located in Ephrata, Washington, in the amount of $3,057.13. |
| 4 | February 28, 2020 | Electronic Funds Transfer payment from Federal Reserve Bank ACH processing site in East Rutherford, New Jersey to JPMC Account ending in 9272 located in Ephrata, Washington, in the amount of $3,106.04. |
| 5 | March 1, 2021 | Electronic Funds Transfer payment from Federal Reserve Bank ACH processing site in East Rutherford, New Jersey to JPMC Account ending in 9272 located in Ephrata, Washington, in the amount of $3,146.42. |
| 6 | March 1, 2022 | Electronic Funds Transfer payment from Federal Reserve Bank ACH processing site in East Rutherford, New Jersey to JPMC Account ending in 9272 located in Ephrata, Washington, in the amount of $3,332.06. |

| 7 | March 1, 2023 | Electronic Funds Transfer payment from Federal Reserve Bank ACH processing site in East Rutherford, New Jersey to JPMC Account ending in 9272 located in Ephrata, Washington, in the amount of $3,621.95. |

all in violation of 18 U.S.C. § 1343.

## COUNT 8

39. The allegations in paragraphs 1 through 38 in the Indictment are incorporated as though realleged herein.

40. From on or about March 1, 2019, and continuing through on or about September 1, 2023, in the Eastern District of Washington, Defendant RAYMOND KENNETH MUSGROVE did knowingly and willfully steal and convert to his own use, money belonging to the United States and to the VA, a department and agency thereof, in a total amount greater than $1,000, to wit: VACP benefits having a value of more than $175,000.00 with the intent to deprive the United States and the VA of the use and benefit of that money, all in violation of 18 U.S.C. § 641.

## COUNTS 9-11
### 18 U.S.C. §1028A - Aggravated Identity Theft

41. The allegations in paragraphs 1 through 40 in the Indictment are re-alleged and incorporated into this count as if fully set forth herein.

42. On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, RAYMOND KENNETH MUSGROVE did knowingly and without lawful authority, possess and use, without lawful authority, one or more means of identification of another person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(5), knowing that the means of identification belonged to another actual person, in violation of 18 U.S.C. § 1028A(a)(1), described below for each count, each use constituting a separate count:

INDICTMENT – 11

| Count | Date | Description |
|---|---|---|
| 9 | June 4, 2021 | Possession and use of J.M.C.'s name, date of birth, and social security number during and in relation to the felony violation of 42 U.S.C. § 408(a)(7)(B), as charged above in Count 1. |
| 10 | March 1, 2019 | Possession and use of J.M.C.'s name, date of birth, and social security number during and in relation to the felony violation of 18 U.S.C. § 1343, as charged above in Count 3. |
| 11 | March 1, 2019-September 1, 2023 | Possession and use of J.M.C.'s name, date of birth, and social security number during and in relation to the felony violation of 18 U.S.C. § 641, as charged above in Count 8. |

all in violation of 18 U.S.C. §1028A(a)(1).

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations set forth in this Indictment are hereby re-alleged and incorporated herein by this reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 641, Theft of Government Funds, and/or an offense(s) in violation of 18 U.S.C. § 1343, Wire Fraud, as alleged in this Indictment, Defendant RAYMOND KENNETH MUSGROVE shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property sought for forfeiture includes, but is not limited to, the following:

<u>MONEY JUDGMENT</u>

A sum of money equal to at least $175,000.00 in United States currency, representing the amount of proceeds obtained by the Defendant from the theft of government funds violation.

INDICTMENT – 12

MONEY JUDGMENT

A sum of money equal to $16,263.60 in United States currency, representing the amount of proceeds obtained by the Defendant from the wire fraud violations.

If any of the property described above, as the result of any act or omission of Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Aggravated Identity Theft

Pursuant to 18 U.S.C. § 982(a)(2)(B) and/or 18 U.S.C. § 1028(b), upon conviction of the offense(s) in violation of 18 U.S.C. § 1028A(a)(1), as set forth in this Indictment, Defendant, RAYMOND KEITH MUSGROVE, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s); and/or any personal property used or intended to be used to commit the offense(s). The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money equal to at least $175,000.00 in United States currency representing the amount of proceeds obtained by the Defendant from the aggravated identity theft offense(s).

If any of the property described above, as a result of any act or omission of Defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1028(g) and 28 U.S.C. § 2461(c). All pursuant to 18 U.S.C. §§ 982(b)(1) and 1028(g) and 28 U.S.C. § 2461(c).

DATED this 6th day of February, 2024.

                                    A TRUE BILL



                                      Foreperson

*Vanessa Waldref*
Vanessa R. Waldref
United States Attorney

*Frieda K. Z.*
Frieda K. Zimmerman
Assistant United States Attorney

INDICTMENT – 14