FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:24-CR-00016-RLP |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| v. | |
| RAYMOND KENNETH MUSGROVE, | |
| Defendant. | |

Before the Court is Defendant Raymond Musgrove's Motion to Dismiss Counts 9-11 and for Miscellaneous Relief, ECF No. 43. Mr. Musgrove asks the Court to dismiss all charges entailing a mandatory minimum sentence of incarceration, and issue an order prohibiting incarceration should he be convicted on any other charges. For the reasons described below, Mr. Musgrove's motion is denied.

## BACKGROUND

A grand jury indicted Raymond Musgrove on multiple counts of wire fraud, identity theft, theft of government funds, and false representation of social security

ORDER DENYING MOTION TO DISMISS * 1

number on February 7, 2024. ECF No. 1. Counts 9-11 of the Indictment concern aggravated identity theft and carry a mandatory minimum sentence of two years in custody. 18 U.S.C. § 1028A(a)(1).

Mr. Musgrove is 77 years old. ECF No. 10 at 1-2. He has a variety of serious health issues, including congestive heart failure, arthritis in his knee, and prostate cancer. ECF No. 50.

## ANALYSIS

Mr. Musgrove contends that the state of medical care in Federal Bureau of Prisons facilities is so poor, and has been so poor for so long, that it amounts to deliberate indifference to inmates' medical needs. He also claims the Bureau of Prisons will be unable to adequately provide him medical care for his various ailments, and therefore sentencing him to a term of incarceration would violate his Fifth and Eighth Amendment rights.

The cruel and unusual punishments clause of the Eighth Amendment provides inmates a right to adequate medical care while incarcerated. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285 (1976); *see also Whitley v. Albers*, 475 U.S. 312, 318, 106 S. Ct. 1078 (1986) (cruel and unusual punishments clause designed to protect those convicted of crimes, applies only after criminal prosecutions). Likewise, under the due process clause of the Fifth Amendment pretrial detainees have a right to adequate medical care while in federal custody.

ORDER DENYING MOTION TO DISMISS * 2

*See Toney v. Williams*, 2020 WL 1912168, at *5 (S.D. Cal. Apr. 20, 2020); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (pretrial detainees in state custody have right under due process clause of Fourteenth Amendment to adequate medical care).

Mr. Musgrove is neither a pretrial detainee nor an inmate serving a sentence of incarceration. Therefore, neither of the foregoing constitutional protections apply. At this point in the proceedings, Mr. Musgrove's constitutional concerns are merely hypothetical and contingent upon a series of future events all occurring.

The Ninth Circuit's decision in *18 Unnamed John Smith Prisoners v. Meese*, 871 F.2d 881 (9th Cir. 1989), is on point. In *Meese*, the inmate plaintiffs sued to enjoin a proposed double bunking plan in a federal correctional institution, arguing it would result in overcrowding, poor conditions, a lack of sanitation, and inadequate food and medical care. *Id*. at 883. The Ninth Circuit held:

> The inmates' claims involve contingent future events that may not occur as anticipated, or indeed not occur at all. Their claim is not fit for decision since the issues raised require further factual development. Accordingly, we conclude that the inmates' claims are not sufficiently concrete to warrant judicial intervention.

*Id*; *see also United States v. Streich*, 560 F.3d 926, 932 (9th Cir. 2009) (defendant's challenge to inclusion of psychosexual treatment records in pre-sentence report on grounds it could hypothetically lead to his civil commitment under Washington law not ripe).

ORDER DENYING MOTION TO DISMISS * 3

As Mr. Musgrove fails to demonstrate a non-hypothetical or imminent constitutional violation, his concerns are insufficiently concrete to warrant the relief he seeks. The motion is denied.

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss Counts 9-11 and for Miscellaneous Relief, **ECF No. 43**, is **DENIED**.

DATED May 27, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS * 4