FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND KENNETH MUSGROVE,<br><br>Defendant. | No. 2:24-CR-00016-RLP<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW, AND VERDICT |

Defendant Raymond Musgrove was charged with three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts 9-11) by the Indictment filed on February 7, 2024. ECF No. 1. Mr. Musgrove previously pleaded guilty to Counts 1-8 of the Indictment on June 23, 2025. ECF No. 60. On August 25, 2025, the case was tried before the Court. Mr. Musgrove was present in person and represented by Justin Lonergan of the Federal Defenders of Eastern Washington and Idaho. The United States was represented by Frieda K Zimmerman.

I.   TRIAL

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 1

1. Before trial, the parties stipulated to the admission of the following Government Exhibits: (1) a Letter from Mr. Musgrove, dated June 4, 2021; (2) a Chase Signature Card for account 9272; (3) the February/March 2019 Chase Bank statement for account 9272; (5) a transcript of Mr. Musgrove's June 23, 2025 change of plea hearing, during which he pleaded guilty to Counts 1-8 of the Indictment; and (7) the January/February 2019 Chase Bank statement for account 9272. During trial, the Court also admitted Exhibit 6, a video recording of a February 14, 2024 interview with Mr. Musgrove.

2. The United States presented the sworn testimony of one witness, Special Agent David Huntoon.

3. Defendant presented no testimony.

4. Defendant was given the opportunity to cross-examine all witnesses.

5. The Court also admitted into evidence certain documents and videos.

6. After the Government rested its case, Mr. Musgrove moved to dismiss Counts 9-11. The Court denied the motion.

## II.    FINDINGS OF FACT

1. John Matthew Cooney was a real person born July 10, 1943, and assigned Social Security Number XXX-XX-9538 by the Social Security Administration. Exh. 70, ¶ 1.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 2

2. Mr. Cooney served in the United States Marine Corps from 1967 to 1969. *Id*. at ¶ 2.

3. On February 18, 2018, the real John Matthew Cooney died in Oklahoma. *Id*. at ¶ 3.

4. At all times relevant to this case, the Defendant, Raymond Kenneth Musgrove, knew Mr. Cooney was a real person and knew of his date of birth and social security number. *Id*. at ¶ 4.

5. Before Mr. Cooney's death, Mr. Musgrove impersonated Mr. Cooney to obtain Veterans Administration (VA) Benefits intended for Mr. Cooney. Gov't Ex. 5 (June 23, 2025 Change of Plea Transcript) at 30-32; Gov't Ex. 6 at 1:38:00.

6. On or about July 25, 2016, Mr. Musgrove used Mr. Cooney's name, birthday, and Social Security number to set up a bank account in Mr. Cooney's name at JPMorgan Chase Bank in Ephrata, Washington. Gov't Ex. 2. Mr. Musgrove received the VA Benefits he obtained using Mr. Cooney's name in this bank account. Gov't Ex. 3. On March 1, 2019, Mr. Musgrove received a deposit of $3,057.13 in VA Benefits from Federal Reserve Bank ACH in the bank account he set up using Mr. Cooney's name, birthday, and Social Security number. *Id*.

7. At some time before to June 4, 2021, the Department of Veteran's Affairs learned of Mr. Cooney's death and stopped disbursing Mr. Cooney's VA

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 3

benefits to the bank account in Mr. Cooney's name Mr. Musgrove controlled. Gov't Ex. 5 at 30-32.

8. On or about June 4, 2021, Mr. Musgrove sent a letter to the Department of Veteran's Affairs. In the letter, Mr. Musgrove impersonated Mr. Cooney and claimed Mr. Cooney was still alive. Gov't Ex. 1. In addition to Mr. Cooney's name, the letter included Mr. Cooney's birthday and Social Security number. *Id*.

9. As admitted by Mr. Musgrove, he falsely used Mr. Cooney's name and social security number in the June 4 letter in or "to resume the benefits that they [the VA] had quit—stopped because of John Cooney's death." Ex. 5 at 29.

10. As admitted during a post-arrest interview, Mr. Musgrove was able to collect VA benefits by creating a bank account in Mr. Cooney's name on or about July 25, 2016. Gov't Ex. 6 1:35:23.

11. The deception deployed by Mr. Musgrove worked; after he submitted the June 4 letter, benefits resumed. The Court finds that there was a causal connection between the false statements submitted to the Department of Veterans Affairs in Mr. Cooney's June 4 letter and the resumption of benefits.[1]

---

[1] It is not clear that this finding is necessary. Proof of aggravated identity theft does not require proof that the defendant received something of value as a result of

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 4

12. On June 23, 2025, Mr. Musgrove pleaded guilty to Counts 1-8 of the Indictment, without a plea agreement.

13. Pursuant to FRCrP 43, Mr. Musgrove has made a knowing, voluntary, and intelligent waiver of his right to be present when trial resumes on September 17, 2025. *See* ECF No. 76 at 8.

14. The bank account established by Mr. Musgrove in Mr. Cooney's name was in Ephrata, Washington, which is in the Eastern District of Washington. *See, e.g.,* Ex. 2.

## III.   CONCLUSIONS OF LAW

---

impersonating another. Rather, the only requirement is that the knowing use of a means of identification of another person be during and in relation to another crime enumerated in 18 U.S.C. § 1028A(c). With respect to the June 4 letter, the charge of aggravated identity theft (Count 9) pertained to the crime of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B) as charged in Count 1. As recognized by Mr. Musgrove, the charge of false representation of a social security number requires proof that the defendant acted with the purpose of causing a payment to be made when no payment was authorized. *See* ECF No. 58 at 2. It does not require that the defendant's purpose be achieved.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 5

At issue in this case are three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), as charged in Counts 9, 10, and 11 of the Indictment. ECF No. 1. Count 9 charges Mr. Musgrove with aggravated identity theft on June 4, 2021, based on Mr. Musgrove's use of Mr. Cooney's name, date of birth, and social security number during and in relationship to a violation of 42 U.S.C. § 408(a)(7)(B), as charged in Count 1. *Id*. at 12. Count 10 charges Mr. Musgrove with aggravated identity theft on March 1, 2019, based on Mr. Musgrove's use of Mr. Cooney's name, date of birth, and social security number during and relationship to a violation of 18 U.S.C. § 1343, as charged in Count 3. *Id*. And Count 11 charges Mr. Musgrove with aggravated identity theft from March 1, 2019-September 1, 2023, based on Mr. Musgrove's use of Mr. Cooney's name, date of birth, and social security number during and relationship to a violation of 18 U.S.C. § 641, as charged in Count 8. *Id*.

To convict Defendant of violating 18 U.S.C. § 1028A, the United States must prove:

1. Defendant knowingly used a means of identification of another person without legal authority;

2. Defendant knew the means of identification belonged to a real person; and

3. Defendant did so during and in relation to one of the crimes enumerated

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 6

in 18 U.S.C. § 1028A(c). *See* Ninth Circuit Model Instruction 15.9 (setting forth the elements of aggravated identity theft).

False representation of Social Security number in violation of 42 U.S.C § 408(a)(7)(B), wire fraud in violation of 18 U.S.C. § 1343, and theft of government funds in violation of 18 U.S.C. § 641, are all crimes enumerated in 18 U.S.C. § 1028A(c). *See* 18 U.S.C. § 1028A(c)(1), (5), (11).

A "means of identification," includes "any name or number that may be used alone or in conjunction with any other information, to identify a specific individual," including a name, social security number, and/or date of birth. 18 U.S.C. § 1028(d)(7); *see also United States v. Alexander*, 725 F.3d 1117, 1120 (9th Cir. 2013).

The evidence in this case overwhelmingly supports the Government's burden of proof as to all three elements for all three aggravated identity theft charges. The first two elements are satisfied by the same proof as to all three counts. As Mr. Musgrove admitted during his guilty plea colloquy, he knowingly used Mr. Cooney's name and social security number without having lawful authority to do so. The evidence also shows Mr. Musgrove also misused Mr. Cooney's date of birth. And as stipulated by the parties, Mr. Musgrove knew that Mr. Cooney was a real person who had been born on July 10, 1943 and who had been assigned the social security number falsely used by Mr. Cooney.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 7

With respect to the third element of Count 9, Mr. Musgrove pleaded guilty to Count 1 (false representation of a social security number, 42 U.S.C. § 408(a)(7)(B)) by admitting he falsely represented Mr. Cooney's social security number as his own on or about June 4, 2021 in order to deceptively receive benefits from the VA. Eh. 5 at 27-29.

With respect to the third element of Count 10, Mr. Musgrove pleaded guilty to Count 3 (wire fraud, 18 U.S.C. § 1343) by admitting that he devised a scheme to fraudulently obtain money or benefits through using John Cooney's name to cause an electronic funds transfer payment to be deposited to a Chase Account ending in 9272, located in Ephrata, Washington, on March 1, 2019. Ex. 5 at 34.

And with respect to the third element of Count 11, Mr. Musgrove pleaded guilty to Count 8 (theft of government funds, 18 U.S.C. § 641), by admitting that he knowingly stole more than $1,000 from the VA. Mr. Musgrove admitted throughout his plea colloquy that he was able to obtain benefits from the VA by falsely using Mr. Cooney's name and social security number. *See* Ex. 5 at 28, 32, 34.

Mr. Musgrove challenges the sufficiency of the evidence pertaining to Counts 9-11, arguing the Government failed to submit proof that Mr. Musgrove's use of Mr. Cooney's identity was the "key mover" in his wrongful receipt of benefits as required by *Dubin v. United States*, 599 U.S. 110, 143 S. Ct. 1557 (2023). The Court

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 8

disagrees, Mr. Musgrove's wrongful use of Mr. Cooney's identity formed the crux of all of his offenses.

With respect to Count 9, the underlying offense is false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). The false social security number in question pertained to Mr. Cooney. Mr. Musgrove misused used Mr. Cooney's social security number in order to portray himself as Mr. Cooney. Given Mr. Cooney was a real person and Mr. Musgrove knew as much, Count 9 falls within the essence of aggravated identity theft.

With respect to Count 10, the underlying offense is wire fraud in violation of 18 U.S.C. § 1343. Mr. Musgrove's wire fraud convictions were all based on a common plan or scheme that began on or about March 1, 2019 and that "us[ed] John Cooney's name" to fraudulently obtain money or property in the form of electronic fund transfer payments. Ex. 5 at 34. The transfer payments in questions were made to an account in John Cooney's name. The exhibits and trial testimony establish that the transfer payments had been made by the VA through the Department of Treasury. There is no indication that Mr. Musgrove would have received any form of VA benefits had he not used Mr. Cooney's name. Indeed, when asked about his fraudulent scheme to obtain wire fraud benefits, Mr. Musgrove admitted that the scheme was all about using "John Cooney's name." Ex. 5 at 34. Again, given Mr.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 9

Cooney was a real person and Mr. Musgrove knew as much, Count 10 falls within the essence of aggravated identity theft.

With respect to Count 11, the underlying offense is theft of government funds in violation of 18 U.S.C. § 641. Again, the way in which this theft was committed was by Mr. Musgrove impersonating Mr. Cooney and convincing the VA to pay him benefits that would have belonged to Mr. Cooney had Mr. Cooney been alive. Mr. Musgrove's use of Mr. Cooney's identity was not merely incidental to his offense. It is what made the offense possible. Once again, Count 11 falls within the essence of aggravated identity theft.

Apart from challenging the elements of the offense, Mr. Musgrove's trial brief also suggests a statute of limitations argument related to Count 10. ECF No. 69 at 2. Mr. Musgrove appears to argue that because he did not "use" Mr. Cooney's identification within the limitation period to cause the March 1, 2019, transmission of benefits to be sent, the limitation period ran on Count 10. The Court disagrees. When an offense involves a predicate offense "[a] limitation period begins to run only when all the elements of the underlying offense have been committed." *United States v. Beardslee*, 197 F.3d 378, 385 (9th Cir. 1999). Mr. Musgrove did not complete the offense of wire fraud as charged by Count 2 of the indictment, the predicate offense for his aggravated identity theft charges, until he caused the VA benefits to be sent to him on March 1, 2019. Mr. Musgrove was indicted for this

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 10

count of aggravated identity theft on February 7, 2024, within the five-year limitation period. 18 U.S.C. § 3282. Therefore, the limitation period did not run on Count 10.

## VERDICT

Based on the foregoing, the Court renders the following verdict:

1. The Court finds the Defendant Raymond Musgrove **GUILTY** of Aggravated Identity Theft under 18 U.S.C. § 1028A, as charged in Count 9 of the Indictment (offense conduct date June 4, 2021).

2. The Court finds Defendant Raymond Musgrove is **GUILTY** of Aggravated Identity Theft under 18 U.S.C. § 1028A, as charged in Count 10 of the Indictment (offense conduct date March 1, 2019).

3. The Court finds Defendant Raymond Musgrove is **GUILTY** of Aggravated Identity Theft under 18 U.S.C. § 1028A, as charged in Count 11 of the Indictment (offense conduct date March 1, 2019-September 1, 2023).

## CONCLUSION

The Court further orders as follows:

1. Pursuant to the Court's previous sentencing order, the Court sets sentencing for these offenses for December 2, 2025 at 11:00 a.m. in Spokane Courtroom 901. ECF No. 74.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 11

2.      Because this verdict implicates an identifiable victim, the Government and the U.S. Probation Office are directed to investigate the necessity of victim notification, including notification to the estate of John Cooney.

3.      Given Mr. Musgrove's waiver of presence, the hearing set for September 17, 2025 is **STRICKEN**.

The District Court Executive shall enter this Order and provide copies to counsel and to the U.S. Probation Office.

DATED September 8, 2025.



                REBECCA L. PENNELL
       UNITED STATES DISTRICT JUDGE

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BENCH TRIAL * 12